**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Martinsburg**

**WAYNE THOMAS JOHNSON,**

Plaintiff,

v.

**Civil Action No.: 3:20-CV-189**
Judge Bailey

**M. ABSHER, GREGORY MIMS,**
**OFFICER WILLIS;** and
**OFFICER HACKNEY,**

Defendants.

## MEMORANDUM OPINION AND ORDER

The plaintiff, Wayne Thomas Johnson, a federal inmate incarcerated at USP Hazelton, filed this action *pro se* on September 30, 2020 [Doc. 1]. The plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b) [Doc. 2], which was granted by Order entered November 4, 2020 [Doc. 9]. Subsequently, the plaintiff made payments on his filing fee of $ 2.66 and $ 50.73 [Docs. 24 & 25].

This Court has discovered that the permission to proceed *in forma pauperis* was improperly and mistakenly granted.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or more
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that
> it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Ashley v. E. Dilworth*, 147 F.3d 715 (6th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ('three strikes').").

Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, 2008 WL 2645472 (S.D. W.Va. June 30, 2008) (Johnston, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. *See Johnson v. N.C. Dept. of Corrections,* 2001 WL 34704467 (4th Cir. 2001) (dismissed as frivolous); *Johnson v. Smirnoff Distillery*, 125 F.App'x 971 (10th Cir. 2005) ("the district court's dismissal counts as a strike, as will this dismissal"); *Johnson*

*v. Buckley*, Civil Action No. 1:00-CV-802-WLO (M.D. N.C. Oct. 5, 2000) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Johnson v. Fuquay*, Civil Action No. 1:00-CV-1200-WLO (M.D .N.C. Jan. 18. 2001) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Johnson v. Fuquay*, Civil Action No. 1:01-CV-702-WLO (M.D. N.C. January 2, 2002) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Johnson v. North Carolina Prisoner Legal Services*, Civil Action No. 5:01-CT-508-H (E.D. N.C. Feb. 25, 2002) (dismissed as frivolous), *aff'd*, 23 F.App'x. 179 (4th Cir. 2002).

In addition, the plaintiff has been advised on at least three prior occasions that he has three strikes for the purposes of 18 U.S.C. § 1915(g). *See Johnson v. Jackson*, Civil Action No. 1:03-CV-131 (W.D. N.C. Sept. 24, 2003); *Johnson v. Trader*, Civil Action No. 5:05-CT-250-H (E.D. N.C. Sept. 28, 2005); *Johnson v. Riddick*, Civil Action No. 5:09-CT-3190-BO (E.D. N.C. Dec. 30, 2009).

While the PLRA includes an exception to the § 1915(g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. The plaintiff complains that one defendant sexually harassed him. Nothing in the plaintiff's complaint raises a credible allegation of imminent danger of serious physical injury.

Accordingly, it is hereby **ORDERED** that the plaintiffs Motion to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED**, and the plaintiffs complaint [**Doc. 1**] be **DISMISSED WITHOUT PREJUDICE** to his right to file a new complaint along with the appropriate filing fee.

The Clerk is directed to return the payments heretofore submitted by the plaintiff to the plaintiff's prison account.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED**: June 22, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**